FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 20 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
XIAO HUA LU,

        Plaintiff,

   -against-

BRUCE BARKET, Attorney at Law,

        Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-4369 (SLT)

**TOWNES, United States District Judge:**

Plaintiff Xiao Hua Lu, proceeding *pro se,* filed the instant complaint on September 12, 2011, alleging breach of contract. Plaintiff has paid the requisite filing fee to bring this action. However, for the reasons discussed below, the complaint is dismissed for lack of subject-matter jurisdiction.

## *BACKGROUND*

According to plaintiff's complaint, plaintiff, a Brooklyn resident, entered into a retainer agreement on October 9, 2009, with an attorney, defendant Bruce Barket of Garden City, New York. Under the terms of the agreement, Barket was to bring a post-judgment motion in a State criminal action in which plaintiff's brother had been convicted in connection with the alleged kidnaping of one Fengcai Wang (Complaint at 1-2). According to plaintiff, the agreement required Barket to contact a "new witness" and to obtain an affidavit from the witness (*id.* at 2).

However, Barket did not contact a "new witness." Rather, on December 9, 2010, Barket interviewed Fengcai Wang – the alleged kidnaping victim and the prosecutor's chief witness (*id.*). Barket Plaintiff obtained an affidavit from Wang, but never used it in connection with the post-conviction motion (*id.*).

1



In April or May of 2011, plaintiff gave Barket a *pro se* supplemental memorandum of law prepared by plaintiff's brother (*id.*). Although plaintiff had already paid Barket thousands of dollars to prepare the post-judgment motion, to interview the "new witness," and to perform "investigative services," Barket demanded another $5,000 to review plaintiff's brother's submission (*id.* at 2-3). Plaintiff paid the $5,000 (*id.*). However, in May or June 2011, Barket informed plaintiff that he did not have time to prepare the post-judgment motion, and "fully terminated all services to [p]laintiff" (*id.* at 3).

On September 12, 2011, plaintiff commenced this *pro se* action, alleging solely that plaintiff had breached the retainer agreement. Plaintiff's complaint alleges that Barket "performed only the function of obtaining an Affidavit from a witness that testified in [plaintiff's] brother's trial," and neither prepared a post-judgment motion nor conducted any investigation (*id.*). Indeed, Barket did not even utilize the affidavit he obtained from Wang or file the *pro se* supplemental submission sent to him by plaintiff's brother (*id.*). Although plaintiff allegedly paid $45,000 to Barket between October 9, 2009, and May 2011, plaintiff seeks only compensatory damages of $40,000, plus punitive damages of $15,000 (*id.*).

## *DISCUSSION*

As plaintiff is proceeding *pro se*, plaintiff's complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89 (2007). The Court is obliged to construe plaintiff's pleadings liberally and to interpret the complaint as raising the strongest arguments it suggests. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *Lyndonville Sav.*

*Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject-matter jurisdiction cannot be waived and may be raised at any time by any party or by the court *sua sponte*. *Bender*, 475 U.S. at 541. If subject-matter jurisdiction is lacking, the action must be dismissed. *Id.*; Fed. R. Civ. P. 12(h)(3).

Liberally construing plaintiff's allegations, there is no basis for the Court's jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Id.* "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.*, (citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). A plaintiff properly invokes § 1332 jurisdiction when he "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.* (citing § 1332(a)).

Because plaintiff specifically alleges that both he and defendant are New Yorkers, it is clear that plaintiff cannot allege diversity jurisdiction under 28 U.S.C. § 1332. The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Ex parte Poresky*, 290 U.S. 30, 31-32 (1933)). Accordingly, if plaintiff cannot present a substantial federal question, this court lacks subject matter jurisdiction over his claim. See Fed. R. Civ. P. 12 (h)(3); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

Although plaintiff is proceeding *pro se*, and the complaint is held to less stringent standards than pleadings drafted by lawyers, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), plaintiff must

3

still establish that the Court has subject-matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). In this case, plaintiff does not allege that a federal question exists. To the contrary, plaintiff characterizes this action as one for "breach of contract." While the facts alleged in plaintiff's complaint suggest that plaintiff may also have a cause of action for legal malpractice, both breach of contract and legal malpractice are state-law torts which do not constitute a basis for federal-question jurisdiction.

## CONCLUSION

For the reasons stated above, plaintiff's complaint is dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: September 20, 2011
Brooklyn, New York